UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAURA EDDY,

       Plaintiff,                CIVIL ACTION NO. 10-14891

  v.

                              DISTRICT JUDGE GEORGE CARAM STEEH

                              MAGISTRATE JUDGE MONA K. MAZJOUB
COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**RECOMMENDATION**: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity to return to her past light work prior to September 10, 2007.

\* \* \*

Plaintiff filed applications for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits on October 27, 2004, alleging that she had been disabled and unable to work since January 27, 2000, at age 30, due to severe back pain and emotional difficulties[1]. Benefits were

---

[1]Plaintiff filed a prior application for DIB alleging the same disability as the present application, which was denied by the SSA and not pursued further (TR 51). Consequently, res judicata applies to the determination of Plaintiff's condition through the date of the unchallenged administrative decision (March 2003). Bagby v. Harris, 650 F.2d 836 (6th Cir. 1981), cert. denied 454 U.S. 1087 (1981). Since it is undisputed that Plaintiff's insured status, for

denied by the Social Security Administration (SSA).  A requested <u>de novo</u> hearing was held on January 15, 2009[2], before Administrative Law Judge (ALJ) Lawrence E. Blatnik.  The ALJ subsequently found that the claimant was entitled to SSI benefits after September 10, 2007, when her emotional difficulties became severe enough to prevent the performance of substantial gainful activity.  The ALJ denied SSI benefits prior to September 2007, however, because claimant was found to have retained the residual functional capacity to return to her past light work.  The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits prior to September 10, 2007.  The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 39 years old at the time of the remand administrative hearing (TR 50).  She had a limited eighth grade education, and had been employed as a cleaner, cashier, and bakery worker during the relevant past (TR 62). As a cleaner, Plaintiff was required to stand and walk for most of the workday. She

---

purposes of entitlement to DIB, expired on March 31, 2002, the <u>res judicata</u> effect of her prior application precludes any award of DIB.  Therefore, judicial review is limited to claimant's SSI application only.

[2]An earlier hearing was held before Judge Blatnik in August 2007, which resulted in a decision to deny disability benefits (TR 503-512).  The Appeals Council on November 16, 2005, remanded the case for further administrative action of claimant's mental impairments (TR 517-520).

constantly had to handle, grip and manipulate large and small objects. She lifted up to 20 pounds on a regular basis (TR 62-63). Claimant testified that severe back pain, a bi-polar disorder, anxiety, attention deficit disorder (ADHD) and borderline intellectual functioning prevented her working (TR 69). She indicated that she had difficulty getting along with others. Side effects from medications allegedly prevented her maintaining concentration, taking directions or adhering to production quotas (TR 24, 70, 361).

### LAW JUDGE'S DETERMINATION

The Law Judge found that Plaintiff was impaired as a result of degenerative disc disease of the lumbar spine, a bi-polar disorder, anxiety, attention deficit hyperactivity, borderline intellectual functioning and a personality disorder, but that these impairments were not severe enough to meet the Listing of Impairments. The ALJ recognized that the claimant's emotional difficulties had grown worse over time. The ALJ determined that the Plaintiff had became disabled as a result of mental impairments after September 10, 2007. The Law Judge denied benefits prior to September 2007, after determining that the claimant retained the residual functional capacity to perform light work, including her past work as a cleaner. Claimant was awarded SSI benefits starting September 10, 2007.

### STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc); Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

In the instant case, Plaintiff contends that she was entitled to disability benefits prior to September 10, 2007, because her low intelligence scores met section 12.05 of the Listing of Impairments. She further claims that the ALJ erred in

determining the onset date of her disability as September 2007. Plaintiff maintains that her emotional difficulties prevented her from returning to work since January 2000. Defendant counters that substantial evidence existed on the record supporting the ALJ's determination that, prior to September 2007, claimant's emotional difficulties did not prevent her from performing light work activity.

**INSURED STATUS REQUIREMENT FOR SSI BENEFITS**

Proper inquiry in an application for SSI benefits is whether claimant was disabled on or after the application date. Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993). Thus, Plaintiff had the burden of proving that she was disabled between October 2004, the SSI application date, and September 10, 2007, the date she was found disabled and granted SSI benefits.

**DISCUSSION AND ANALYSIS**

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for light work, including her past work as a cleaner, prior to September 10, 2007. The medical evidence, as a whole, failed to provide objective support for Plaintiff's allegations of disabling emotional difficulties since January 2000.

The medical record prior to September 2007, revealed that the claimant was making good progress in overcoming her mental disorders until she stopped attending therapy and ceased taking her

5

medications in March 2004 (TR 160). When Plaintiff was able to return to therapy after she became eligible for Medicaid in September 2004, she again began to manage her fears and improve her focus (TR 413-421).

Progress notes from the therapy, dated December 2004 and March 2006, indicated that claimant's mood was stable, and she was progressively overcoming her anxiety, depression and attention deficits (TR 413, 418). Mental health examiners consistently reported, prior to September 2007, that Plaintiff was alert, well oriented, possessed a good memory, had good insight and used appropriate judgment skills. She did not exhibit any suicidal ideation, and her stream of thought was both normal and spontaneous (TR 153, 285, 324-328, 343-356, 357-360, 380, 405-454). Although the claimant had an angry mood, her effect was appropriate and she did not have any homicidal thoughts (TR 178-179, 183, 185). While Plaintiff was assigned a GAF score of 52 in September 2004, indicating a serious impairment in social, occupational and school functioning, the examiner did not find that she had any severe obsessional rituals, a lack of friends, or that she was unable to keep a job because of a mental impairment (TR 188).

As the ALJ explained in his decision, great weight was placed on the evaluation of J. Keith Ostein, Ph.D., who tested and interviewed Plaintiff at the request of the Commissioner on September 10, 2007. The consulting psychologist found marked limitations in claimant's ability to perform such work-related functions as following directions, making decisions and interacting

6

appropriately with supervisors, co-workers and the general public (TR 460-461). Based on Dr. Ostein's evaluation, the ALJ concluded that there had been a serious worsening of claimant's depressive symptoms. As a result, the ALJ found that Plaintiff was entitled to disability benefits beginning the day of Dr. Ostein's consultative examination[3]. (TR 25). The ALJ considered the entire medical evidence of record, and he reasonably determined that claimant's depression and emotional difficulties prior to September 2007, did not preclude her from returning to her past light work.

Contrary to Plaintiff's assertion, Plaintiff did not meet section 12.05 of the Listing of Impairments based on mental retardation. Section 12.05, in relevant part, requires:

> *Mental Retardation:* Mental retardation refers to significantly sub-average general intellectual functioning with deficits in adaptive functioning initially manifested during the development period; i.e. the evidence demonstrates or supports onset of the impairment before age 22 [with]...
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.
>
> 20 C.F.R. Pt 404, Subpt. P, App 1, § 12.05.

---

[3] Plaintiff relies heavily upon the fact that another examiner of record, Dr. Elody, found disabling mental limitations during a July 25, 2007, evaluation (TR 377-378). It is not at all clear from the medical record that Dr. Elody was a treating physician. There are no treatment notes from the doctor, and the claimant does not cite to any such records in his brief for summary judgment. Thus, Dr. Elody's opinion was not entitled to any special deference.

7

The medical evidence indicates that Plaintiff underwent numerous psychological evaluations since her alleged onset date. While claimant has been diagnosed with borderline intellectual functioning (TR 459), none of the examiners diagnosed mental retardation. Even claimant's treating physician, Dr. Mark Ealovega, did not list mental retardation among his diagnosis (TR 324). Even if claimant's verbal, performance and full scale intelligence scores of 70 are accepted as an accurate estimation of claimant's intellect (TR 457), she still must establish that her deficits in adaptive functioning (caused by sub-average intellectual functioning) manifested themselves before age 22, in order to meet section 12.05 of the Listing of Impairments.

The parties acknowledge that the claimant was never tested for low intelligence before reaching age 22. Consequently, in order to determine the degree of retardation prior to maturity, the ALJ considered the facts that Plaintiff was able to engage in substantial, gainful work activity on a sustained basis. The claimant's prior work history as a bank teller, cable installer, data clerk, executive bookkeeper, marketing specialist and office clerk indicates that she was able to interact adequately with co-workers and supervisors. She also utilized special equipment and work skills in carrying out her job duties (TR 130, 192). Moreover, the fact that Plaintiff is able to cook, clean, do the laundry, vacuum, shop and pay bills also suggests that she did not have deficits in adaptive functioning prior to age 22.

The Sixth Circuit, in <u>Foster v. Halter</u>, 279 F.3d. 348 (6th Cir. 2001), noted that an employee's ability to work as a bank and retail clerk showed that she did not have deficits in adaptive functioning prior to age 22. <u>Id</u>. at 355. Like the Plaintiff here, the adult employee in <u>Foster</u> had not been tested during her formative developmental period. Since the ALJ reasonably found that Plaintiff had failed to meet the threshold requirement of Listing 12.05 (adaptive deficits manifested before age 22), he correctly found that the claimant did not meet section 12.05 of the Listing of Impairments.

Given the lack of objective clinical evidence of disability prior to September 10, 2007, the Law Judge could reasonably find that Plaintiff's depression and other emotional difficulties did not prevent her from returning to her past light work. There was medical evidence on both sides and, having examined it, the undersigned cannot say that the Commissioner's conclusion was not supportable. In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling mental limitations prior to September 2007 were not fully credible.

In sum, the Commissioner's determination of the onset date of disability was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS , 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                              s/ Mona K. Majzoub
                                              MONA K. MAZJOUB
                                              UNITED STATES MAGISTRATE JUDGE

DATED: August 29, 2011


PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: August 29, 2011          <u>s/ Lisa C. Bartlett  </u>
                                Case Manager