UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAURA B. EDDY,

        Plaintiff,

                                            Case No. 10-CV-14891

v.                                          HON. GEORGE CARAM STEEH

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

_____/

ORDER ACCEPTING REPORT AND RECOMMENDATION (#12), DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#9), AND GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#11)

     On December 9, 2010, plaintiff filed a complaint for judicial review challenging the adverse portion of a decision of the Commissioner of Social Security. The matter was referred to Magistrate Judge Majzoub. The parties filed cross-motions for summary judgment. On August 29, 2011, Magistrate Judge Majzoub issued a report and recommendation on the cross-motions for summary judgment. In her report, Magistrate Judge Majzoub recommends defendant's motion for summary judgment be granted and plaintiff's motion for summary judgment be denied. Magistrate Judge Majzoub found substantial evidence existed on the record supporting the Commissioner's conclusion that plaintiff retained the residual functional capacity for light work prior to September 10, 2007. On September 12, 2011, plaintiff filed written objections to the report and recommendation. Plaintiff asserts three specific objections.

      First, plaintiff argues that there is no evidence to support the decision of the

Commissioner that the disability began in September 2007 because there was no effort to obtain an opinion from the consulting examiner as to the likely length of time the disabling condition existed. However, the ALJ noted evidence supporting the decision that the disability began in September 2007. The ALJ discussed plaintiff's testimony at an August 16, 2007 hearing. The ALJ states plaintiff was not in any apparent pain at the hearing and she was able to sit for an extended duration. She testified as to her psychological limitations, but was unable to identify any specific instances where manic behavior affected her at previous places of employment. She testified she drives, has no difficulty with grooming, prepares and cooks meals, washes dishes, dusts, does laundry, and goes shopping with her children. Notes in the record show that, when examined, plaintiff displayed normal language, content of thought, and stream of thought. The ALJ found plaintiff's limitations were not "totally work-preclusive" prior to September 2007, but by September 2007 she had become markedly limited in her ability to work with others. This court agrees that there is substantial evidence in the record to support this determination.

Second, plaintiff objects to the magistrate judge's statement that the Commissioner could reasonably conclude that plaintiff's subjective complaints of persistent, severe, totally disabling mental limitations prior to September 2007 were not fully credible. Plaintiff cites Dr. Elody's testimony that plaintiff cannot cope with detailed instructions, gets easily frustrated, and becomes verbally inappropriate. Plaintiff argues the magistrate's conclusions regarding subjective versus objective evidence is without any foundation in the record. Magistrate Judge Majzoub noted that mental health examiners reported, prior to September 2007, that plaintiff was alert, well-oriented, possessed a normal memory, had fair insight, used appropriate judgment skills, and her stream of thought was spontaneous.

Her behavior and testimony at the August 16, 2007 hearing, as discussed above, also supports the finding. Magistrate Judge Majzoub noted that there was medical evidence on both sides, and that there is substantial evidence in support of the Commissioner's finding. The court overrules plaintiff's objection.

Third, plaintiff argues the magistrate judge failed to give appropriate deference to Dr. Elody's opinion as a treating source. Plaintiff states that there are fifty pages of treatment notes from Advance Counseling Services P.C., some of which are signed by supervising psychiatrist Dr. Elody. In her motion for summary judgment, plaintiff cites a July 25, 2007 Mental Residual Functional Capacity Assessment she asserts was completed by Dr. Elody. The assessment found she was moderately to markedly limited in certain abilities and made other comments about her behavior. The ALJ acknowledged the evidence provided by Dr. Elody but stated controlling weight was not assigned to the assessment. The ALJ explained that "[l]ess weight is given to this assessment because it is not well explained or supported by the doctor's own treatment records or other medical evidence of record covering that period." Plaintiff fails to adequately address these deficiencies in her motion for summary judgment or in her objections to the report and recommendation. Based on the above, the court overrules plaintiff's objections and adopts Magistrate Judge Majzoub's report and recommendation. Plaintiff's complaint is hereby DISMISSED.

SO ORDERED.

Dated: January 9, 2012

                                   s/George Caram Steeh
                                   GEORGE CARAM STEEH
                                   UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 9, 2012, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk